WILKINS, receiver, *vs.* THE GEORGIA IRON WORKS *et al.*

[Jackson, C. J., being disqualified, Judge Branham, of the Rome circuit, presided in his stead.]

1. The charge of the court must be considered as a whole, and so considered, it fairly submitted to the jury the question "whether, under the evidence, the amount allowed the receiver by the master was a reasonable and fair compensation for the services rendered by him as receiver;" and the jury were instructed, if they found the amount insufficient for that purpose, to sustain the exceptions and state in their verdict what amount the receiver was entitled to for his services; and this the jury did.

2. There was evidence to sustain the verdict; and the court below having refused a new trial, and there being no error of law, this court will not interfere with the judgment.

March 21, 1885.

Receivers. Master in Chancery. New Trial. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

JACKSON & KING, for plaintiff in error.

HOPKINS & GLENN, for defendants.

BRANHAM, Judge.

In 1881, W. S. Thomson and G. J. Foreacre, as trustees, filed their bill in Fulton superior court against the Georgia Iron Works, and on the 9th of May of that year, the plaintiff in error was appointed receiver under this bill. The company's works were burned on 22d of September, 1881, and on the 12th of December thereafter, the court by decree foreclosed the mortgage or trust deed, and ordered the company's property sold. On the 20th of January, 1883, under a consent decree, the account of the receiver was referred to J. T. Pendleton, as special master, and he was authorized to report what amount the receiver was

entitled to for his services.  The master took the account and allowed him $3,500.00.  He excepted to the report, and complained that the evidence, as reported by the master, was not full, and that it was incorrect in some particulars, and he accompanied his exception by corrections and additions to the evidence.  These corrections and additions were, by consent of counsel for defendants in error, taken and considered as a part of the evidence, as if it had been so reported by the master, and a motion made by counsel for plaintiff in error to re-refer the case, to take additional evidence, under section 3097(c) of the Code, was overruled.

On motion of counsel for plaintiff in error, and against the objection of counsel for defendants in error, the exceptions were submitted on this evidence to a jury.  The jury, under the charge of the court, sustained the exceptions, and allowed the plaintiff in error $5,000.00.  He moved for a new trial for alleged errors of law in the charge, and upon the ground that the verdict is contrary to law and evidence.

We find no error in the charge of the court.  It must be considered as a whole, and so considered, it submitted the question fairly to the jury, " whether under the evidence the amount allowed the receiver by the master was a reasonable and fair compensation for the services rendered by him as receiver;" and the jury were instructed, if they found the amount insufficient for that purpose, to sustain the exceptions, and state in their verdict what amount the receiver was entitled to for his services.  This the jury did.  There is evidence to sustain the verdict, and the court below having refused a new trial, and there being no error of law, under the rule so often laid down by this court, we affirm the judgment.

Judgment affirmed.